[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
In 1983, defendant-appellant Norma Lane pleaded guilty to four counts of sexual battery. She was incarcerated for three to fifteen years on each of the four counts, with two of the terms to be served consecutively and the remaining terms to be served concurrently.
On December 18, 1998, Lane was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. After hearing the evidence, the trial court found her to be a sexual predator. From this adjudication, Lane appeals and asserts two assignments of error. Neither assignment is well taken.
In her first assignment of error, Lane asserts that the trial court erred in admitting into evidence a document prepared by the Cincinnati Police Department, titled "Youth Aid Section Investigative Report." Lane contends that the document was not properly authenticated and constituted inadmissible hearsay.
Both this court and the Ohio Supreme Court have stated that sexual-predator hearings, like sentencing proceedings, should involve a relaxed standard for the admissibility of evidence.[1]
Because the rules of evidence do not apply in sexual-predator hearings, the trial court may rely upon any cogent evidence, including hearsay evidence, so long as it has indicia of reliability.[2] We conclude that the report at issue here, like a presentence-investigation report or an RCIC report, has indicia of reliability. Accordingly, we reject the first assignment of error.
In her second assignment of error, Lane asserts that her adjudication as a sexual predator was against the weight of the evidence. Because we conclude that the trial court had before it clear and convincing evidence to establish that Lane pleaded guilty to a sexually-oriented offense and was likely in the future to engage in another sexually-oriented offense, we overrule this assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge
[1] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570;State v. Lee (1998), 128 Ohio App.3d 710, 716 N.E.2d 751.
[2] Id.